IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.        No. CR 04-940 JB

LEOPOLDO ZUNIGA-CHAVEZ,

    Defendant.

### MEMORANDUM OPINION

**THIS MATTER** comes before the Court on the Defendant's Objections to the Presentence Report, filed September 24, 2004 (Doc. 17). The primary issue is whether the United States has adequately shown the Defendant Leopoldo Zuniga-Chavez' prior convictions, which are important in determining his offense level and his criminal history. Consistent with the ruling that the Court gave at the sentencing on October 18, 2004, and for the reasons given at the sentencing, the Court overrules Zuniga-Chavez' objections and adopts Probation's Presentence Report ("PSR") as its findings and conclusions.[1]

### PROCEDURAL BACKGROUND

On May 19, 2004, Zuniga-Chavez pled guilty to a one-count information charging violation of 8 U.S.C. § 1326(a)(1), (a)(2), Reentry of Deported Alien. The parties received the PSR on July 8, 2004. The PSR provides for a twelve-level enhancement based upon Zuniga-Chavez' prior conviction for a drug trafficking offense. See PSR ¶ 11, at 3. The PSR also assessed Zuniga-Chavez

---

[1] Because of the press of business, the Court was unable to complete this opinion before it entered its judgment and defendant had filed his notice of appeal. This opinion does not change the Court's decision but is merely intended to explain more fully in writing some of the reasons that the Court orally gave at the sentencing.

with a criminal history of IV. See id.¶ 30, at 10. Based upon a total offense level of 17 and a criminal history category of IV, Zuniga-Chavez' sentencing guideline range is 37-46 months. See id. pt. D, at 15.

The probation officer attempts to prove these convictions with an "abstract of judgment" from California and certified copies of the electronic docket. The United States Probation has provided the parties with certified copies of the abstract of judgment for Zuniga-Chavez' conviction for possession of marijuana for sale. See Abstract of Judgment, No. A482484, Superior Court of California, County of Los Angeles, June 14, 1989. In addition, in discovery numbered 00037-00040, the United States provided Zuniga-Chavez with certified copies of the journal/docket entries for the conviction described in paragraph 29 of the PSR. See Electronic Docket, No. 6SE101000, Municipal Court of Huntington Park, County of Los Angeles, State of California, at 1-3. According to the United States Probation officer assigned to this case, she has obtained copies of journal entries and other documentation of the convictions in paragraph 25, 27, and 28 of the PSR.

California Health and Safety Code § 11359, Possession for Sale, provides that "[e]very person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment in the state prison." The abstract of judgment shows that Zuniga-Chavez pled guilty to "Section Number 11359," "Poss. Sale Marij." See Abstract of Judgment, No. A482484, Superior Court of California, County of Los Angeles, June 14, 1989.

On September 24, 2004, Zuniga-Chavez filed objections to the twelve-level enhancement and to his criminal history score. Zuniga-Chavez argues that the United States has failed to provide adequate documentation to establish his prior criminal convictions. He therefore asserts that he should not receive a twelve-level enhancement based on his prior convictions and that he should receive no

criminal history points.

## LAW ON DOCUMENTATION OF PRIOR CRIMINAL CONVICTIONS

A defendant's due process rights are violated if a court relies on questionable information to justify an increase in the accused's offense level. See Gardner v. Florida, 430 U.S. 349, 258 (1977) ("[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause."). At sentencing, the United States has the burden to establish, by a preponderance of the evidence, the existence of a prior conviction. See United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996).[2] The Sentencing Guidelines provide that the court may resolve disputed sentencing issues by considering evidence "without regard to the admissibility under the rules of evidence applicable at trial." U.S.S.G. § 6A1.3(a). Nevertheless, it must have "sufficient indicia of reliability to support its probable accuracy." Id.

In United States v. Johnson, 973 F.2d 857 (10th Cir. 1992), the United States Court of Appeals for the Tenth Circuit addressed the documentation sufficient to establish a prior conviction. See id. at 861. The Tenth Circuit held that certified copies of journal entries of collateral proceedings indicating the revocation of probation were sufficient to establish a prior conviction. See id. at 861. Similarly, in United States v. Simpson, 94 F.3d 1373 (10th cir. 1996), the Tenth Circuit held that certified docket sheets were sufficient to establish prior conviction. See id. at 1381. The Court of Appeals explained that "a certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction." Id. at 1381. Tenth Circuit opinions

---

[2] Zuniga-Chavez contends that the United States has the burden of establishing clearly and unequivocally the conviction was based on all of the elements of a qualifying predicate offense listed within an enhancement provision. Zuniga-Chavez does not cite any support for this assertion. The Court will thus assume that the preponderance of the evidence standard applies.

after United States v. Simpson have held that uncertified computer printouts of docket sheets from municipal courts are sufficient to establish the existence of a prior conviction.  See United States v. Esparza-Varela, 106 Fed. Appx. 1, 3 (10th Cir. June 10, 2004)(unpublished)(affirming sentence based on prior conviction proven by computer printouts from databases of the municipal court and the U.S. probation office); United States v. Chavarria, 2000 WL 192830 (10th Cir. Feb. 17, 2000)(unpublished)(affirming sentence based on prior conviction proven with on-line records of the clerk's office and a letter from the Clerk explaining why a mittimus had not been entered);  United States v. McGee, 1999 WL 704288 (10th Cir. Sept. 10, 1999)(unpublished).

## ANALYSIS

Zuniga-Chavez contends that the abstract of judgment that the United States has provided in this case is insufficient to establish his prior convictions.  Zuniga- Chavez argues that United States v. Navidad-Marcos, 367 F.3d 903 (9th Cir. 2004), supports this position.  United States v. Navidad-Marcos, however, addresses a different issue than the one before the Court.  That case involved a conviction under California Health and Safety Code § 11379(a).  The statute definition of § 11379(a) included conduct that did not qualify as a "drug trafficking" felony for purposes of enhancement.  To satisfy the requirements of Taylor v. United States, 495 U.S. 575 (1990), the United States attempted to establish that the defendant was convicted for conduct that did qualify as "drug trafficking" based on an abstract of judgment that identified the crime as "Transport/sell cont. sub."  The United States Court of Appeals for the Ninth Circuit concluded that the abstract was insufficient because it "merely recite[d] the statute of conviction and describe[d] it as 'Transport/sell cont. sub.'" and did not establish unequivocally that Navidad-Marcos was convicted of a "drug trafficking" offense.  Id. at 908.

Unlike the statute at issue in Navidad-Marcos, California Health and Safety Code § 11359 is not overly broad. It only covers conduct which qualifies as a "drug trafficking offense" under U.S.S.G. § 2L1.2, cmt. 1(B)(iv), that is, the possession of a controlled substance with intent to distribute. There is no ambiguity and no reason to look beyond the statute to determine the specific offense of conviction in this case. Zuniga-Chavez does not dispute that an enhancement for an aggravated felony applies to § 11359.

Zuniga-Chavez also asserts that United States v. Martinez-Villalva, 232 F.3d 1329 (10th Cir. 2000), supports his position. In United States v. Martinez-Villalva, the defendant was convicted of a crime with a sentence of one to two years imprisonment. The United States based a sentence enhancement for a prior felony conviction for which the imprisonment was at least one year on a state court journal entry indicating the conviction. However, the journal entry also indicated that the defendant was placed on probation and was not imprisoned. The United States argued that the journal entry indicated that a sentence of one to two years was given but was suspended. The Tenth Circuit concluded that the journal entry did not establish that the conviction was an aggravated felony as defined by the statute because it did not state that there was a suspended sentence.

Both United States v. Navidad-Marcos and United States v. Martinez-Villalva are factually and legally distinguishable. Both cases involve the issue of whether a particular conviction meets the definition of a prior conviction under the Sentencing Guidelines, not whether documentation of a conviction is sufficient. The Court will not try to apply those opinions in this context but will instead follow the more related Tenth Circuit precedent in United States v. Johnson and United States v. Simpson.

Unlike the cases that Zuniga-Chavez cites, United States v. Johnson and United States v.

Simpson are more relevant, as they specifically address whether evidence is sufficient to establish the existence of a prior criminal conviction. If docket sheets are sufficient, it follows that a certified copy of an abstract judgment is also sufficient to establish the existence of a prior conviction by a preponderance of the evidence.

Although some of the documents that the United States Probation provided in this case are not certified, the holding in Simpson does not require that the documents be certified. Authentication is therefore not required.

**IT IS ORDERED** that Defendant's Objections to the Presentence Report are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
   District of New Mexico
Terri J. Abernathy
  Assistant United States Attorney
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

Kurt J. Mayer
  Assistant Federal Public Defender
  District of New Mexico
Las Cruces, New Mexico